IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 423-097 |
| | * | |
| MOHAMMED ARAFAT AFANEH. | * | |

**O R D E R**

Presently before the Court is Defendant's motion for revocation of detention order pursuant to 18 U.S.C. § 3145(b). (Doc. 13.) The Government filed a response in opposition (Doc. 14) and Defendant filed a reply (Doc. 16). Additionally, the Court held a hearing on January 26, 2024 and heard evidence and argument from both sides. For the reasons stated during the hearing, and the reasons herein, Defendant's motion for revocation of detention (Doc. 13) is **DENIED**.

**I. BACKGROUND**

Defendant was indicted on December 5, 2023 on two counts of False Information and Hoaxes, in violation of 18 U.S.C. § 1038(a)(1). (Doc. 1, at 1-2.) The Indictment charges that on or about November 17, 2023, in Chatham County, within this District, and elsewhere, the Defendant did intentionally convey false and misleading information, that is, that there was a bomb inside the WTOC-Center on Chatham Parkway, which would detonate at 3:00 p.m.

on that day, and that there was a bomb inside the Islamic Center of Savannah, which would detonate 7 minutes before Maghrib, under such circumstances where such information may reasonably have been believed, that indicated that an activity was taking and would take place, that would constitute a violation of 18 U.S.C. § 113B (Terrorism), specifically 18 U.S.C. § 2332a(a)(2)(B) (Use of Weapons of Mass Destruction Against Property Within The United States, Where Such Property is Used in Interstate and Foreign Commerce) and 18 U.S.C. § 2332a(a)(2)(D) (Use of Weapons of Mass Destruction Against Property Within The United States, Where The Offense Would Have Affected Interstate or Foreign Commerce). (Id.)

Defendant was arrested in Burlington, Kentucky on November 20, 2023 pursuant to an arrest warrant issued by United States Magistrate Judge Christopher L. Ray. Defendant appeared before United States Magistrate Judge Candace J. Smith in the Eastern District of Kentucky for a detention hearing, and she issued an order of detention pending trial on December 11, 2023. (Doc. 10.) Magistrate Judge Smith found by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. (Id. at 2.) Specifically, Magistrate Judge Smith found Defendant presents a risk of flight for which conditions could not reasonably assure his appearance, the weight of the evidence against him is strong, he has significant family or other ties outside the United States,

and he was in possession of a false government identification when arrested. (Id. at 2-3.)

Defendant then appeared before Magistrate Judge Ray on December 22, 2023 for his initial appearance and arraignment in this District. (Doc. 9.) Magistrate Judge Ray advised him of his rights and the Government's disclosure obligations, advised him of charges and penalties, Defendant entered a not guilty plea, scheduling and discovery deadlines were discussed, and Defendant was detained pending trial and remanded to the custody of the US Marshal. (Id. at 1.) That same day, Defendant filed the currently pending motion for revocation of detention order. (Doc. 13.)

## II. LEGAL STANDARD

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

18 U.S.C. § 3145(b). "The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, governs the release or detention of a defendant pending trial." United States v. Ligon, No. 3:18-CR-489, 2019 WL 2526313, at *1 (M.D. Ala. June 19, 2019). When a defendant moves for revocation of a magistrate judge's detention order, "the district court must conduct an independent review to determine whether the magistrate [judge] properly found that pretrial detention is

3

necessary." Id. (quoting United States v. King, 849 F.2d 485, 490 (11th Cir. 1988)) (alterations in original).

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –
> (1) the nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). "The [G]overnment bears the burden of showing by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant poses a danger to the community." Ligon, 2019 WL 2526313, at *1 (citing United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985); King, 849 F.2d at 488-89). Under 18 U.S.C. § 3142(e), the Court has substantial latitude in determining whether pretrial detention is appropriate. King, 849 F.2d at 487.

### III. DISCUSSION

After a *de novo* review, the Court finds the evidence under the § 3142(g) factors supports Magistrate Judge Smith's factual

4

findings and legal conclusions that the detention of Defendant pending trial is appropriate. After reviewing the existing record and hearing the evidence and argument offered in the January 26, 2024 hearing, the Court finds the following.

First, the nature and circumstances and weight of the evidence favor detention. Specifically, the two charges in the case, while deemed "hoaxes," nevertheless are serious as it relates to the potential consequences of such a hoax. While the bomb threats posed by Defendants were not in fact true, they nonetheless generated a certain amount of fear amongst the community and put at risk first responders, citizens in the area, and others. Furthermore, the weight of the evidence is significant as shown through the social media posts seemingly from Defendant's phone and social media accounts.

Next, the history and characteristics of Defendant favor detention. At the time of the arrest, Defendant had firearms both on him and in his vehicle, along with controlled substances. The evidence is clear that Defendant has a substance abuse problem and struggles with addiction as shown through the testimony of the witnesses during the January 26, 2024 hearing and through the record in the case. These issues, coupled with mental health issues that reflect some disconnection from reality, as evidenced through the social media posts indicating Defendant was the next President of the United States, illustrate characteristics of the Defendant that favor detention as he poses a risk to both himself

5

and the community. The record also reflects the prior arrests of Defendant, with one arrest involving the use of a firearm just last summer.

Furthermore, the risk of flight also supports detention. The Court is concerned that, while Defendant was under no legal obligation to return to Savannah prior to his arrest, based on his conversations with his family and the FBI, he indicated he planned to return to Savannah, when in fact he was traveling north through Tennessee and Kentucky and had purchased airline tickets to leave the country. These actions indicate a flight mentality which would not assure his presence at required Court proceedings. Additionally, the Court is concerned with the frequency of his overseas travel, as outlined by the booked flight out of the country in November, as well as his connections in Jordan, both his family and his fiancé reside there. The Court finds that merely taking away his passport is no guarantee that any restriction on travel outside the District would be honored if put in place. While there was significant evidence of support from Defendant's family and community in Savannah, and a strong indication of their desire to help him, the Court notes that despite efforts they made prior to his arrest, the supportive community was unable to prevent Defendant from committing these crimes and traveling out of the District. This evidence suggests that any conditions the Court might impose would not be sufficient to guarantee Defendant's compliance with the Court's schedule or

6

needs. While Defendant's significant family and community ties in Savannah are important, they are ultimately insufficient to justify release based on Defendant's underlying history. The Court finds no conditions or combination thereof would be sufficient to secure his presence at Court proceedings and reasonably ensure the safety of the community.

Based on the foregoing, the Court finds Magistrate Judge Smith correctly concluded the Government met its burden of showing no conditions of release would reasonably assure the appearance of Defendant and no condition or combination thereof will protect the safety of the community from potential actions of the Defendant.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion for revocation of detention order pursuant to 18 U.S.C. § 3145(b) (Doc. 13) is **DENIED** and Magistrate Judge Smith's Order of Detention (Doc. 10) is **AFFIRMED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7